Sean A. Monson, USB #07261
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
SMonson@parsonsbehle.com
ecf@parsonsbehle.com
*Attorneys for King's Pond Enterprises, LLC*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DIVISION OF UTAH

| | |
|---|---|
| KING'S POND ENTERPRISES, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> VERMEYEN LLC, a Texas limited liability company; JOHN DOES 1-10, <br><br> Defendants. | **COMPLAINT** <br><br> **(Jury Trial Demanded)** <br><br> Case No. _____ <br><br> Judge _____ |

Plaintiff, Kings Pond Enterprises, LLC, by and through its counsel, hereby complains against the above-named defendant, Vermeyen LLC and alleges as follows:

### DESCRIPTION OF PARTIES

1.    Plaintiff King's Pond Enterprises, LLC ("***King's Pond***") is a Utah limited liability company with its principal place of business in the State of Utah.

2.    The members of King's Pond are each citizens and residents of the State of Utah.

3.    Upon information and belief, Defendant Vermeyen LLC ("***Vermeyen***"), is a limited liability organized under the laws of Texas and with its principal place of business in Texas.

4.      Upon information and belief, the principals of Vermeyan are all residents of Texas.

5.      Upon information and belief, Vermeyen does business under the trade name KUAFU.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over King's Pond's claims for patent infringement and related claims pursuant to 28 U.S.C. §§ 1331 and 1338.

7.      This Court has personal jurisdiction over Vermeyen because Vermeyen has offered to sell and, upon information and belief, has sold products in the State of Utah in violation of 35 U.S.C. § 271.

8.      This Court has supplemental jurisdiction over King's Pond's claims arising under the laws of the State of Utah pursuant to 28 U.S.C. § 1367(a) because these claims are so related to King's Pond's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9.      Venue properly lies in this Court pursuant to 28 U.S.C. §§ 1391 because (a) the acts of infringement and other wrongful conduct alleged occurred in the District of Utah; and/or (b) Vermeyen has sufficient connection with the District of Utah to make venue proper in this district, all as alleged in this Complaint.

## GENERAL ALLEGATIONS
### King's Pond Business

10.     King's Pond markets and sells leisure and recreational products including hammocks, hammock stands, and related equipment.

11.     King's Pond sells its hammocks, hammock stands, and related equipment under the trademarked name Hammaka®.

12.     King's Pond licensed the trademark Hammaka® with the United States patent and trademark office.

## The King's Pond Patent

13.     King's Pond imports and sells vehicle hammock stands which incorporate a product design and specifications disclosed in United States Patent No. 7,073,857, dated July 11, 2006 (the "***Patent***").

14.     The Patent was originally obtained by an entity known as Aspire Holdings, LLC ("***Aspire***").

15.     In conjunction with the execution and performance of the parties under an Asset Purchase Agreement between Aspire and King's Pond, Aspire sold, granted, transferred and conveyed "all rights, title and interest in and to" the Patent on or about March 1, 2013.

16.     The Patent describes "an apparatus to provide an overhead support for suspending hanging furniture includes a base configured for attachment to a vehicle trailer hitch receiver. An upright member extends upwardly from the base and at least one support member extends outwardly from the upright member a sufficient distance to receive and suspend a hanging chair."

17.     King's Pond has sold thousands of products incorporating the Patent marketed as Hammaka® Trailer Hitch Stand.

4889-5728-4789.v2

## **Vermeyen Infringes the Patent**

18.     Rather than expend the resources necessary to develop its own technology, Vermeyen — doing business as KUAFU — has simply copied and used the intellectual property paid for by King's Pond to acquire the Patent and marketed and offered to sell in Utah a product infringing on the Patent.

19.     Specifically, Vermeyen has marketed and sold a product called "The Hitch Mount Hammock Stand" which incorporates and embodies the invention reflected in the Patent and which infringes on King's Pond's rights under the Patent. Vermeyen's advertisement for The Hitch Mount Hammock Stand on Amazon states:

- Vehicle Fitment: The Hitch Mount Hammock Stand Compatible with All standard 2 Inch receivers. Please confirm your vehicle before purchasing.
- Stable Structure: The hammock stand is made of durable high quality steel. It can withstand external pressures and maintain structural stability. And powder coated has high wear resistance, which can effectively resist wear and scratch to extend the lifespan.
- Reliable Performance: It is designed to be easily transported, making it ideal for camping, tailgating, or any outdoor adventure. And it is easy to assemble and dissemble, which is portable.
- Special Design: You can choose to install one hammock. This design doesn't take up extra space and can be easily carried with the car.

A copy of the advertisement is located at Amazon.com: KUAFU Hitch Mount Hammock Stand Compatible with All Standard 2 Inch Receivers Universal Automobile Trailer Hitch Stand : Patio, Lawn & Garden.

20.     King's Pond has not authorized or consented to Vermeyen's marketing and sale of The Hitch Mount Hammock Stand.

21.     King's Pond has not licensed its rights under the Patent to Vermeyen.

22.     Vermeyen shipped The Hitch Mount Hammock Stand to a purchaser in Utah in April of, 2024.

4889-5728-4789.v2

## FIRST CAUSE OF ACTION
### (Patent Infringement)

23.     King's Pond hereby incorporates by this reference the allegations set forth above as if fully set forth herein.

24.     The Patent is entitled to protection from infringement under the 35 U.S.C. § 271.

25.     Vermeyen has marketed and sold, and continues to market and sell, products incorporating the invention described in the Patent.

26.     Vermeyen's conduct violates 35 U.S.C. § 271.

27.     Upon information and belief, Vermeyen has gained profits as a result of its infringing activities.

28.     Vermeyen's conduct and infringement of the Patent has been intentional, willful and without regard to King's Pond's rights.

29.     As a proximate result of Vermeyen's above-described willful conduct, King's Pond has suffered damages including, but not limited to, consequential damages, and is entitled to recover all of Vermeyen's profits from its actions detailed herein as well as all of King's Pond's costs and reasonable attorneys' fees associated with this action.

30.     The above-described acts of Vermeyen have caused and are continuing to cause irreparable injury to King's Pond, for which King's Pond has no adequate remedy at law, and Vermeyen will continue to do so unless enjoined by this Court.

## SECOND CAUSE OF ACTION
### (Violation of the Utah Unfair Competition Act)

31.     King's Pond incorporates by reference the above paragraphs of the Complaint as if set forth fully herein.

4889-5728-4789.v2

32.     Vermeyen's actions, as described above, constitute methods of unfair competition proscribed by the Utah Unfair Competition Act.

33.     Vermeyen's intentional actions, as described above, are unlawful, unfair, or fraudulent, have lead to a material diminution in the value of King's Pond's intellectual property, and involve the infringement of the Patent.

34.     King's Pond is therefore entitled to injunctive relief barring Vermeyen from engaging in unfair methods of competition against King's Pond.

35.     Further, King's Pond has been damaged by Vermeyen's unfair competition in an amount to be proven at trial. Pursuant to Utah Code Ann. § 13-5a-103, King's Pond is entitled to recover its actual damages, costs, attorneys' fees and punitive damages.

36.     King's Pond is being irreparably harmed by Vermeyen's actions, and King's Pond has no adequate remedy at law.

37.     King's Pond is therefore additionally entitled to injunctive relief barring Vermeyen from engaging in further acts of unfair competition and unfair trade practices.

### THIRD CAUSE OF ACTION
**(Violation of Utah Common Law Unfair Competition and Unfair Trade Practices)**

38.     King's Pond incorporates by reference the above paragraphs of the Complaint as if set forth fully herein.

39.     To the extent that the Court determines that Utah statutory law does not apply to King's Pond's claims for unfair competition, King's Pond asserts an alternative claim under Utah state common law for unfair competition.

40.     Vermeyen's actions constitute unfair competition and unfair trade practices proscribed by the common law of the State of Utah.

6

41.     Vermeyen's acts of unfair competition and unfair trade practices, as described above, have caused damages to King's Pond, in an amount to be proven at trial.

42.     King's Pond is being irreparably harmed by Vermeyen's actions, and King's Pond has no adequate remedy at law.

43.     King's Pond is therefore additionally entitled to injunctive relief barring Vermeyen from engaging in further acts of unfair competition and unfair trade practices.

## PRAYER FOR RELIEF

King's Pond prays for judgment against Vermeyen as follows:

1.     For general, compensatory and consequential damages resulting from, together with all profits Vermeyen made as a result of, its wrongful conduct.

2.     For an accounting of money made by Vermeyen by engaging in the unlawful conduct alleged in this Complaint.

3.     For King's Pond's costs and attorney fees incurred in bringing this Complaint.

4.     For such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

King's Pond demands a trial by jury of all issues triable by jury.

DATED this 8th day of May, 2024.

PARSONS BEHLE & LATIMER

/s/ Sean A Monson
Sean A. Monson
Attorneys for King's Pond, LLC

4889-5728-4789.v2